**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                  Case No.:   3:87-cr-211-TJC-JBT

JOSEPH JAMES BURKE
_____/

**ORDER**

This case is before the Court on Defendant Joseph James Burke's "Emergency Motion Pursuant to 'Old Law' Fed. R. Crim. P. 35 (1984)." (Doc. 70, "Motion").[1] Defendant is serving concurrent terms of 63 months in prison on two counts of armed bank robbery, which he committed after November 1, 1987 (the "new law" sentences), plus four 25-year terms of imprisonment on four other counts of armed bank robbery, which he committed before November 1, 1987 (the "old law" sentences). The 25-year terms of imprisonment run concurrently with each other and consecutive with the 63-month terms of imprisonment. (See Judgment at 2). According to the Bureau of Prisons (BOP), Defendant is due to be released from prison on February 27, 2022.

In the Motion, Defendant states that "[t]he BOP calculated the Defendant's 'new law' sentence to run first," which he argues is "an incorrect

---

[1] Until 1987, Federal Rule of Criminal Procedure 35(a) provided that "[t]he court may correct an illegal sentence at any time …." Fed. R. Crim. P. 35(a) (1986). Rule 35(a) has since been revised, but the former Rule 35(a) remains applicable for offenses committed before November 1, 1987. United States v. Jackson, 923 F.2d 1494, 1496 n.1 (11th Cir. 1991).

1

way to calculate the sentences." Motion at 1. He argues that "the BOP improperly computated [sic] Defendant's sentences because it was not stated in [the] Judgment and Commitment Order" whether the 25-year "old law" sentence or the 63-month "new law" sentence should have commenced first. Id. at 2. He therefore "asks the Court to amend its judgment … to provide that the [25-year] 'old law' sentence is to be served first, before the 63-month 'new law' Guidelines sentence." Id. at 1. Defendant contends that, by commencing the "new law" sentence first, it resulted in Defendant spending more time in prison than if the BOP had commenced the "old law" sentence first. Id. at 2.

Although former Rule 35(a) may apply to "correct an illegal sentence" for an offense committed before November 1, 1987, Defendant does not challenge "an illegal sentence" within the meaning of former Rule 35(a). See United States v. Griffin, 162 F. App'x 935, 937 (11th Cir. 2006) ("Illegal sentences for the purposes of Rule 35(a) include sentences in excess of the statutory maximum for the offense, sentences imposing multiple punishment for the same offense, and sentences containing terms that are legally or constitutionally invalid."). Defendant states that he is not challenging the validity of his convictions. Motion at 4. And he does not challenge the legality of the sentences themselves, or the fact that the 25-year sentence runs consecutively with the 63-month sentence. See id. at 2 (acknowledging that 18 U.S.C. § 3584(a) required the "new law" and "old law" sentences to run consecutively). Instead, Defendant

2

challenges the BOP's methodology in computing his sentence, which involves treating the "new law" sentence as if it commenced first.

"The Bureau of Prisons is … responsible for computing [a defendant's] sentence and applying appropriate good time credit." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992), abrogated on other grounds by Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 & n.5 (11th Cir. 2015). A motion under former Rule 35(a) is not the proper vehicle for challenging the execution of a defendant's sentence. Anderson v. United States, No. 4:87-cr-1649-CDL-MSH, 2021 WL 3634118, at *3 (M.D. Ga. Aug. 16, 2021), report and recommendation adopted, 2021 WL 5052467 (M.D. Ga. Nov. 1, 2021). Instead, a petition for writ of habeas corpus under 28 U.S.C. § 2241 is the proper vehicle for challenging the execution of a sentence as opposed to the sentence's validity. Antonelli v. Warden, 542 F.3d 1348, 1352 (11th Cir. 2008). For defendants serving "old law" and "new law" sentences, challenges to the execution of those sentences are typically brought under § 2241. See, e.g., Watson v. Warden, FCC Coleman–USP I, 521 F. App'x 899, 902–03 (11th Cir. 2013).

Because Defendant challenges the execution of his sentence rather than its validity, his claims are properly brought in a § 2241 habeas petition. "A petition for a writ of habeas corpus may only be brought in the court having jurisdiction over the petitioner or his place of incarceration. As [Defendant] is incarcerated at [FCI Schuylkill in Minersville, Pennsylvania], he is outside the

jurisdiction of the [Middle District of Florida] for habeas corpus purposes." Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985). Thus, the Court construes the Motion as a § 2241 habeas petition and **TRANSFERS** this case to the United States District Court for the Middle District of Pennsylvania.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of January, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Pro se defendant
Clerk of Court, U.S. District Court for the Middle District of Pennsylvania

4